UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.J.P.,<br>          Plaintiff,<br>    v.<br>KILOLO KILAKAZI, et al.,<br>          Defendants. | Case No.  23-cv-00475-SVK<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 11, 15 |

Plaintiff appeals from the final decision of the Commissioner of Social Security, which denied her applications for disability insurance benefits. The Parties have consented to the jurisdiction of a magistrate judge. Dkt. 4, 9. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion for summary judgment (Dkt. 11), **DENIES** Defendant Commissioner's cross-motion for summary judgment (Dkt. 15), and **REMANDS** this case for further proceedings.

**I.  BACKGROUND**

On or about October 22, 2020, Plaintiff filed applications for Title II disability insurance benefits. *See* Dkt. 10 (Administrative Record ("AR")) 181-189. The claim was initially denied on January 5, 2021 (AR 100-104) and denied on reconsideration on June 8, 2021 (AR 106-111). On April 6, 2022 an Administrative Law Judge ("ALJ") held a hearing. AR 33-62. On April 20, 2022, the ALJ denied Plaintiff's claims. AR 12-32 (the "ALJ Decision"). The ALJ concluded that Plaintiff has the following severe impairments: cervical and lumbar degenerative disc disease, bilateral peripheral neuropathy in the hands, right shoulder impingement syndrome, and cervicogenic headaches. AR 17. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. AR 18. The ALJ found that through the date last insured, Plaintiff had the residual functional capacity

("RFC") to perform light work with certain limitations. AR 19-26. The ALJ determined that Plaintiff was unable to perform her past relevant work as a produce stock clerk. AR 26. However, the ALJ found that there were other jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as Cashier II, Marker, and Routing Clerk. AR 26-27. Accordingly, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, from April 21, 2019 (the alleged onset date) through the date of the ALJ Decision. AR 27-28.

The Appeals Council subsequently denied review of the ALJ Decision. AR 1-6. Plaintiff timely filed an action in this District, seeking review of the ALJ Decision. Dkt. 1.

In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment. Dkt. 11 (Plaintiff's motion for summary judgment); Dkt. 15 (Defendant's cross-motion for summary judgment). The cross-motions for summary judgment are now ready for decision without oral argument.

## II.   ISSUES FOR REVIEW

1. Did the ALJ properly evaluate the medical evidence in assessing Plaintiff's residual functional capacity?
2. Did the ALJ properly evaluate Plaintiff's credibility?

## III.  STANDARD OF REVIEW

This Court is authorized to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id*. at 492. "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high." *Biestek v. Berryhill*, 587 U.S. --, 139 S. Ct. 1148, 1154 (2019) (internal quotation

marks, citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and citation omitted). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Id.*

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless" and is instead "constrained to review the reasons the ALJ asserts." *Id.* (internal quotation marks and citation omitted).

## IV. DISCUSSION

### A. Issue One: Evaluation of the medical evidence in assessing RFC

Plaintiff argues that the ALJ erroneously evaluated the medical evidence in concluding that Plaintiff had the RFC to perform light work with additional limitations. Dkt. 11 at 17-22. As stated above, Plaintiff's application for Social Security disability benefits was filed on or about October 22, 2020. AR 181-189. Under the Social Security Administration regulations that apply in this case,[1] the ALJ was required to consider all medical opinions and "evaluate their persuasiveness" based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors." 20 C.F.R. §404.1520c(a)-(c). The two "most important factors for determining the persuasiveness of

---

[1] New regulations went into effect on March 27, 2017, which include a change in how medical evidence must be evaluated. *See V.W. v. Comm'r of Soc. Sec.*, No. 18-cv-07297-JCS, 2020 WL 1505716, at *13 (N.D. Cal. Mar. 30, 2020) (quoting 20 C.F.R. § 416.920c(a)); see also 20 C.F.R. § 404.1520c(a). This case is subject to these new regulations.

3

medical opinions are consistency and supportability," and the ALJ is required to explicitly address supportability and consistency in her decision. Revisions to Rules, 82 Fed. Reg. 5844-01 at 5853; 20 C.F.R. § 404.1520c(b)(2); *see also Woods v. Kijakazi,* 32 F.4th 785, 791-793 (9th Cir. 2022). The ALJ may, but is not required to, explain how she considered the remaining three factors. 20 C.F.R. § 404.1520c(a)(2). The new regulations "displace [the Ninth Circuit's] longstanding case law" requiring an ALJ to articulate "specific and legitimate reasons" for rejecting a treating physician's opinion where the opinion is contradicted by other medical opinions. *Woods,* 32 F.4th at 787.

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.' " *Woods*, 32 F.4th at 791-92; *see also* 20 C.F.R. §§ 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be"). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.' " *Woods*, 32 F.4th at 792; *see also* 20 C.F.R. §§ 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be").

As with all other determinations made by the ALJ, the ALJ's persuasiveness explanation must be supported by substantial evidence. *See Woods,* 32 F.4th at 792; *see also Azia B. v. Kijakazi*, No. 22-cv-01731-TSH, 2023 WL 1442841, at *7 (N.D. Cal. Feb. 1, 2023).

In this case, Plaintiff does not directly challenge the ALJ's evaluation of the persuasiveness of the various medical opinions in the record. Instead, Plaintiff argues that although the ALJ credited the opinions of S. Amon, M.D. (a state agency medical consultant) and Thomas Paul Miles, M.D. (an orthopedist who conducted qualified medical examinations of Plaintiff in connection with her workers' compensation claim), the ALJ did not incorporate all of the limitations those doctors found into her assessment of Plaintiff's RFC. Dkt. 11 at 18-22.

4

The ALJ made the following RFC determination:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can frequently climb ladders, robes, or scaffolds, frequently stoop, and frequently crawl. She can perform work that requires frequent head rotation, frequent overhead reaching, and frequent handling.

AR 19. 20 CFR 404.1567(b), cited by the ALJ, defines the exertional limitations of light work as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" can require "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." As for nonexertional limitations, "many unskilled light jobs do not entail fine use of the fingers" but instead "require gross use of the hands to grasp, hold, and turn objects" SSR 83-14, 1983 WL 31254, at *4 (Jan. 1, 1983). As a result, "[a]ny limitation of these functional abilities must be considered very carefully to determine its impact on the size of the remaining occupational base of a person who is otherwise found functionally capable of light work." *Id.*

The ALJ is responsible for "translating and incorporating" the evidence of record "into a succinct RFC." *Rounds*, 807 F.3d at 1006; 20 C.F.R. § 404.1545(a)(1) (requiring that RFC assessment be "based on all the relevant evidence"); 20 C.F.R. § 404.1546(c) (stating that ALJ is "responsible for assessing [the] residual functional capacity."). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including … medical records, lay evidence, and the effects of symptoms that are reasonably attributed to a medically determinable impairment." *Leonard v. Colvin,* 633 Fed. Appx. 362, 364 (9th Cir. 2015) (internal quotation marks and citations omitted). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Id.* (citing *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).

### 1. Dr. Amon

According to the ALJ, Dr. Amon opined that Plaintiff was "limited to a reduced range of light exertion including frequent climbing of ladders, ropes, and scaffolds [and] occasional reaching over with the bilateral upper extremities." AR 25. The ALJ found these opinions

5

"partially persuasive." *Id.* The ALJ explained that "Dr. Amon's opinion is generally supported by the provided analysis of the medical evidence available at the time of review (Ex. 3A); however, the totality of the medical evidence particularly the claimant's lumbar and cervical MRI, EMG/NCS, Dr. Miles' examination findings, and Dr. Athanassious' findings are more consistent with the additional postural and manipulative limits assessed in" the ALJ's RFC determination. *Id.*

In Exhibit 3A, cited by the ALJ, Dr. Amon expressly stated that Plaintiff was "Limited" in reaching "Left Overhead" and "Right Overhead." AR 93. The ALJ's RFC nevertheless states that Plaintiff can perform "frequent overhead reaching." AR 19. The Commissioner concedes that the ALJ's RFC included greater overhead reaching abilities and that the ALJ did not specifically address this particular limitation in her analysis of Dr. Amon's functional assessment. Dkt. 15 at 12.

The ALJ erred in failing to incorporate Dr. Amon's opinion that Plaintiff was "limited" in overhead reaching and instead finding Plaintiff had the RFC to perform "frequent overhead reaching," or to explain why she did not incorporate this limitation. The Commissioner argues that any error by the ALJ in not incorporating a limitation on overhead reaching into Plaintiff's RFC was harmless because Plaintiff could still perform the position of cashier even with that limitation. *See* Dkt. 15 at 12-13 (arguing that cashier position does not require overhead reaching, citing *Gutierrez v. Colvin*, 844 F.3d 804, 806-07 (9th Cir. 2016)). However, the hypothetical posed by the ALJ to the vocational expert ("VE") at the hearing expressly involved an individual who could perform "frequent overhead reaching." AR 57. Moreover, the VE engaged in the following exchange with Plaintiff's counsel at the hearing:

> Q. Okay. If the individual could only – could less than frequently reach or handle, would that also eliminate the jobs you references (sic) earlier, Cashier, Marker and Routing Clerk?
>
> A: Yes, it would.

AR 60. Although the Commissioner argues against inferring that a requirement for "frequent reaching" is synonymous with "frequent overhead reaching," even accepting this argument, the

Court cannot conclude from the present record that the ALJ's failure to incorporate limitations on overhead reaching was harmless.

### 2. Dr. Miles

Dr. Miles opined that Plaintiff should be precluded from prolonged and repetitive bending and rotation of the head, prolonged and very heavy lifting activities, repetitive and forceful work above the plane of her right shoulder. AR 475. Dr. Miles later added a limitation of no forceful gripping on the right. AR 657. The ALJ found Dr. Miles' opinions to be "somewhat vague, but generally persuasive as they are supported by his own examination findings … and are consistent with the diagnostic and clinical findings, particularly the claimant's lumbar and cervical MRIs and Dr. Athanassious' examination." AR 25.

The ALJ's RFC permitted frequent head rotation, frequent overhead reaching, and frequent handling. AR 19. Plaintiff argues that the ALJ's RFC failed to take into account Dr. Miles' opinions regarding Plaintiff's limitations in these areas. Dkt. 11 at 18-20. The Commissioner argues that the ALJ was not obligated to assess Plaintiff's RFC using Dr. Mills' "vague terms" such as "repetitive," "forceful," or "prolonged" or to interpret those terms in the way Plaintiff now seeks. Dkt. 15 at 13-14.

The ALJ failed to explain how she incorporated the limitations identified by Dr. Miles into the RFC or, alternatively, why she chose not to do so. The ALJ referred to Dr. Miles' opinions as "somewhat vague" but did not explain how she interpreted the terms he used as she formulated the RFC. The hypothetical posed by the ALJ to the VE concerned an individual who could perform "frequent" head rotation, overhead reaching, and handling and did not address any of the limitations found by Dr. Miles (in his words or analogous terms). AR 57. Given that the ALJ found Dr. Miles' opinions to be "somewhat vague, but generally persuasive" (AR 25), the Court finds error in the ALJ's failure to incorporate the limitations found by Dr. Miles into the RFC. For similar reasons as those discussed above with respect to the ALJ's failure to incorporate Dr. Amon's limitations, including the VE's testimony that the jobs of Cashier, Marker, and Routing Clerk would be eliminated if Plaintiff could less than frequently reach or handle (AR 60), the

7

Court cannot conclude this error was harmless.

### 3. Conclusion on evaluation of medical evidence

Accordingly, for the reasons discussed above, on the issue of the ALJ's evaluation of the medical evidence, and specifically on the ALJ's failure in evaluating Plaintiff's RFC to take into account Plaintiff's limitations as reflected in the medical opinions credited by the ALJ, the Court **GRANTS** Plaintiff's motion and **DENIES** the Commissioner's cross-motion.

### B. Issue Two: Evaluation of Plaintiff's credibility

Plaintiff argues that the ALJ failed to satisfy the requirement that she provide clear and convincing reasons to reject Plaintiff's pain and symptom testimony. Dkt. 11 at 10-17. The ALJ's decision stated:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

AR 20. After discussing portions of the medical record, the ALJ later stated that "[t]he claimant's own subjective reports of symptom intensity, persistence, and limiting effects do not support her allegations of disabling limitations," citing statements Plaintiff made during a 2019 qualified medical examination and in two exertional activities questionnaires. AR 23 (citing Exs. 18F, 4E, and 8E).

"When a claimant presents objective medical evidence establishing an impairment that could reasonably produce the symptoms of which she complains, an adverse credibility finding must be based on clear and convincing reasons," unless there is affirmative evidence of malingering. *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (internal quotation marks and citations omitted). The Parties agree that the Ninth Circuit requires that the ALJ's reasons for discounting Plaintiff's allegations be "specific, clear, and convincing." Dkt. 11 at 10; Dkt. 15 at 5.

Although the Parties agree on the applicable legal standard, they disagree about both the bases upon which the ALJ discounted Plaintiff's credibility and whether those bases were legally

8

sufficient. Plaintiff argues that "the majority of" the ALJ's credibility analysis rests on Plaintiff's overall activities of daily living ("ADLs"). Dk. 11 at 15. The Commissioner agrees that the ALJ's credibility analysis was based on Plaintiff's reported engagement in ADLs, but argues that the ALJ also based her credibility determination on (1) "objective medical evidence that showed some positive laboratory findings and clinical signs, but generally documented her retention of full motor strength, normal gait, normal reflexes, and unassisted ambulation"; and (2) "treatment records showing significant improvement with conservative treatment." Dkt. 15 at 5.

      A review of the ADL-related reports upon which the Parties agree the ALJ relied demonstrates that the ALJ selectively quoted from those reports and did not reconcile discrepancies between them in discounting Plaintiff's credibility. For example, the ALJ's credibility determination included a statement that Plaintiff could climb one flight of stairs. AR 23. In the ADLs section of report of the 2019 QME, the examiner stated:

> Physical activities: She stands all day. She is walking all day. She sits for short periods because when she gets up it is very painful. She is able to do one flight of stairs.

Ex. 18F at AR 1479. However, in an exertional questionnaire completed on November 13, 2020, Plaintiff reported that she did not climb stairs. Ex. 4E at AR 229. And in an exertional questionnaire completed on April 10, 2021, Plaintiff stated: "I occasionally go upstairs, but not often as it irritates my lower back and causes plain." Ex. 8E at AR 251. The ALJ's credibility determination did not address these later, and different, reports of Plaintiff's ability to climb stairs. As another example, the ALJ stated that Plaintiff's exertional questionnaires reported that she does "light cleaning including dusting, cleaning the bathroom, vacuuming, and washing dishes." AR 23. However, the exertional questionnaires qualified these statements in ways not reflected in the ALJ's decision. *See, e.g.,* Ex. 4E at AR 228 (stating that she spends time "doing light cleaning if necessary"); Ex. 8E at AR 250 (stating that she "clean[s] a little"). Moreover, the ALJ's summary of Plaintiff's exertional questionnaires omits much of her explanation of limitations in her ADLs. *See, e.g.,* Ex. 4E at AR 229 ("I spread out the chores so I don't have to do everything in one day."); Ex. 8E at AR 251 ("I clean my own house but not all in one day. I do small things each

day, vacuum, dust, dishes. Takes 30 min – 1 hr."); Ex. 8E at AR 252 ("I used to spend the whole day cleaning to get it over with, but now do little bits every day to avoid overdoing it and being in pain").

In light of these problems with the ALJ's analysis of Plaintiff's ADLs and the importance of ADLs to the ALJ's credibility analysis, the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's credibility. The ALJ expressly premised her RFC determination in part on Plaintiff's alleged ADLs. *See* AR 26 ("the claimant reported that she does her own personal care, drives, gardens, does all her household chores, prepares meals, shops, and goes out to eat with friends). Accordingly, the ALJ's error in evaluating Plaintiff's credibility is not harmless.

Accordingly, for the reasons discussed above, on the issue of the ALJ's evaluation of Plaintiff's credibility, the Court **GRANTS** Plaintiff's motion and **DENIES** the Commissioner's cross-motion.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment and **DENIES** Defendant Commissioner's cross-motion for summary judgment. It is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated, and therefore remand is appropriate. *Luther v. Berryhill*, 891 F.3d 872, 877-78 (9th Cir. 2018). Accordingly, the Court **REMANDS** this case for further proceedings.

**SO ORDERED.**

Dated: January 11, 2024

SUSAN VAN KEULEN
United States Magistrate Judge